PAUL JONES *v.* LEWIS LEVY ET AL.

[46 South., 825.]

EQUITY. *Reformation of deeds. Trustee's deeds. Deeds of trust.*

> A court of equity has power to reform the deed of a trustee under a deed of trust and make it conform to the deed of trust, the advertisement and sale thereunder; and a bill seeking such relief is not demurrable because it prays, in the alternative, a reformation of the deed of trust should the court believe from an inspection of the original that it contained a misdescription of the land intended to be conveyed by it.

FROM the chancery court of Yazoo county.

HON. G. GARLAND LYELL, Chancellor.

Levy and another, appellees and cross-appellants, were complainants in the court below; Jones, appellant and cross-appellee, and one Gadberry, trustee, were defendants there. From a decree overruling a demurrer to the amended bill defendant, Jones, appealed, and from the prior decree of the court sustaining a demurrer to the original bill, complainants cross-appealed to the supreme court.

The opinion of the court states the facts.

*Campbell & Campbell,* for appellant and cross-appellee.

The utmost right of the complainants is to have the deed of trust of January 22, 1894, reformed and then to have the reformed deed of trust foreclosed. This is obvious for the reason that to grant reformation of both the deed of trust and the trustee's deed, and not to reform the deed of trust and require a re-sale by the trustee or foreclosure in equity, would be to di-

vest the title of Jones, the grantor, contrary to the agreement of the parties and without authority of law. If the trustee advertised and sold the land as described in the deed of trust, and the description of the land therein is incorrect, it must follow that the title of the grantor has never been legally divested. If the trustee disregarded the description of the land in the deed of trust, and sold other land not described in the deed of trust, he of course sold land without authority and the title of the owner of the land was not divested.

If, for instance, a party living in Yazoo City wished to give a deed of trust on his lot 540 in Yazoo City, but by mistake described the property in the deed of trust as being lot 540 in the city of Jackson to which he had no title, and the trustee in the deed of trust, after default made, should advertise and sell lot 540 in the city of Jackson, and make deed to the purchaser at the sale, would the title of the owner in lot 540 in Yazoo City be divested by such sale? Manifestly not. Nor would title be divested, if the beneficiary, before advertisement and sale, should notify the trustee to advertise and sell lot 540 in Yazoo City but to make his trustee's deed to the purchaser to convey title to lot 540 in the city of Jackson, in conformity with the language of the deed of trust.

It is evident that the original bill was drawn upon the theory that the deed of trust described the land as the S. $\frac{1}{2}$ of S. $\frac{1}{2}$ of N. $\frac{1}{2}$ of the section, and the allegations of the bill are based upon this assumption. If, then, the description in the deed of trust be the S. $\frac{1}{2}$ of the S. $\frac{1}{2}$ of the W. $\frac{1}{2}$ of the section (as we contend it is) then the allegations of the original bill, to which the deed of trust is an exhibit, must fall before the exhibit, for the exhibit must control. *House* v. *Gumble,* 78 Miss., 259, 29 South., 71; *McNeill* v. *Lee,* 79 Miss., 459, 30 South., 821.

The chancellor, in sustaining the defendants' demurrer to the original bill, held that the original bill should have prayed specifically for reformation of the deed of trust, his finding being that, as between the allegations of the original bill and the hand-

written description in the deed of trust, the description intended was the S. ½ of the S. ½ of the W. ½ of the section. He then permitted the complainants to amend their bill so as to pray specifically that the deed of trust itself should be reformed. Defendants then demurred to the bill as thus amended, and this demurrer was overruled. The complainants should have prayed for reformation of the deed of trust, that it be changed so that its description should be the S. ½ of the S. ½ of the N. ½ of the section, and should then have prayed foreclosure of the reformed instrument *in pais* or in equity. *Roger* v. *Abbott,* 37 Ind., 138; *Miller* v. *Kolb,* 47 Ind., 220; *Walton* v. *Cox,* 67 Ind., 164; *Conger* v. *Merides,* 75 Ind., 443; *Wan* v. *Johnson,* 55 Mo., 500, 66 Mo., 662; *Mason* v. *White,* 11 Barb., 173; *Ward* v. *Beecher,* 19 Ill., 291, 68 Am. Dec., 596; *Bowman* v. *Andrews,* 52 Miss., 596; *Cogburn* v. *Hunt,* 56 Miss., 718; *McFarland* v. *Aetna Life Ins. Co.,* 108 Ind., 130; *Lucas* v. *Am., etc., Mtge. Co.,* 72 Miss., 366, 16 South., 358.

The cases of *Wise* v. *Brooks,* 69 Miss., 891, 13 South., 836, and *Moore* v. *Crump,* 84 Miss. 612, 37 South., 109, cited by counsel for appellees and cross-appellants, do not change the principle above set forth. Under the pleadings there can no injustice be done to complainant, Levy, by permitting the deed of trust in question to be reformed so as to fix a lien on the S. ½ of S. ½ of N. ½ of section 21, for the amount secured by the deed of trust, and permitting the deed of trust then to be foreclosed. But this is the full extent of remedy to which he can be entitled. Counsel for complainants may contend that this would allow the defendants to plead the bar of the statute of limitation against the debt, but this is not true. This court has decided in several cases, that a court of equity would enjoin the prosecution of an ejectment suit by the original grantor in the deed of trust against a purchaser thereunder in possession of the land concerned, and that the grantor could not, in such instance, plead the bar of the statute of limitation. *Lucas* v. *Am., etc., Mtge Co., supra.*

*Henry, Barbour & Henry,* for appellees and cross-appellants.

That a court of equity has authority to reform a conveyance by a trustee under a deed of trust so as to make it conform to the deed of trust and intent of all parties is self evident.

The specific prayer of the original bill is that the description of the deed of trust be reformed so as to read the S. $\frac{1}{2}$ of the S. $\frac{1}{2}$ of the N. $\frac{1}{2}$ of the section, instead of reading the S. $\frac{1}{2}$ of the S. $\frac{1}{2}$ of the W. $\frac{1}{2}$ of the section; and that the complainants be granted general relief. The chancellor sustained the defendants' demurrer to the original bill on the ground that the deed of trust of date, January 22, 1894, made exhibit to the bill, showed that the description actually was the S. $\frac{1}{2}$ of the S. $\frac{1}{2}$ of the W. $\frac{1}{2}$ of the section, and that, as the exhibit contradicted the averments of the original bill in regard to the description, the exhibit must prevail. The chancellor then permitted the complainants to amend the bill so as to pray specifically that the aforesaid deed of trust, as well as the trustee's deed, be reformed; and overruled defendants' demurrer to this amended bill.

We are not unmindful of the fact that this court has more than once decided that where the exhibit contradicts the bill, the exhibit must prevail. Such is the case, however, only where it is perfectly clear that the exhibit does contradict the bill. The original deed of trust in this case is made a part of the record, and the court can determine whether the ink-written description places the land in the S. $\frac{1}{2}$ or in the W. $\frac{1}{2}$, of the section.

The demurrer to the original bill should have been overruled because, under the allegations of the original bill and under the prayer therein for general relief, the complainants are certainly entitled to be subrogated to the rights of the Lombard Investment Company, whose prior incumbrance of $700 upon the land the complainants have paid.

The cases of *Wise* v. *Brooks,* 69 Miss., 891, 13 South., 806, and *Moore* v. *Crump,* 84 Miss., 612, 37 South., 109, are conclusive as to the points here in issue.

The case of *Cogburn* v. *Hunt,* 56 Miss., 718, relied on by

opposing counsel, is not in point, for in that case there were no contractual relations between the parties.

CALHOON, J., delivered the opinion of the court.

The original bill charges that Jones executed a deed of trust to appellee Gadberry as trustee on February 8, 1893, to secure appellee Levy in a debt, on S. ½ of S. ½ of N. ½ of section 21, township 13, range 4 W. in Yazoo county, Miss., and afterwards, on January 22, 1894, executed another trust deed on the same land to secure a balance due under the first trust deed; that default was made in the payment of the debt secured by the trust deed of January 22, 1894; that the trustee accordingly advertised the land for sale at which sale the complainant Levy was the best bidder; that there was a prior incumbrance on the land to the amount of $700, which the purchaser, Levy, paid; that the trustee, in making his conveyance to Levy, described the land as being in the west half, instead of the north half, of the section, or that, at least, it was so recorded on the deed books of the county, whereas Levy in fact bought the land being in the north half of the section; that this was the only land owned by the grantor in the county, and the bill makes the original trust deed an exhibit; that since his purchase Levy has put valuable improvements to the amount of $500 on the land and has paid the taxes on it; that Jones never denied or disputed the validity of the sale until after the bar of the statute of limitations had taken effect as to the debt secured; that Jones, after the bar by limitation, brought his action of ejectment in the circuit court against Levy and his tenant, Smith, for the possession of the land; that Levy is advised that in order to have said deed from the trustee reformed, so as to show the land really sold as being in the north half of the section, he should apply to the chancery court; and the prayer is for an injunction from the prosecution of the action in the law court, and for a decree reforming the deed so as to show a correct description, and for general relief. To this bill Jones demurred on the ground only that there was

no equity on its face, which demurrer was sustained, and leave given to amend the bill.

The bill was amended, showing the same facts, and averring that the trust deed of January 22, 1894, was on the land in the north half of the section; that the trustee was requested to advertise and sell the land as being in the north half, and he did advertise and sell the land as in the north half, at which sale Levy bought and received a deed, and that the trustee, in making the deed, by mistake described the land as being in the west half of the section, when in truth and in fact the sale and purchase were of lands in the north half; and the original trust deed is made an exhibit to the amended bill, which amendment further shows that the description in the original trust deed is recorded as being in the west half of the section. The prayer is for an injunction, and for a decree reforming the deed given by the trustee, so as to show the real description of the land as being in the north half instead of the west half; and, if the court shall conclude that the original trust deed does not give the proper description, then to reform that, and for general relief. To this amended bill Jones filed a demurrer on the ground that the amended bill does not show that the land, as in, the north half, was advertised to be sold under the trust deed, because the trust deed did not convey the land, and the trustee had no power to sell the same. This demurrer was overruled, and we have before us an appeal and a cross-appeal.

It will be seen that the original bill charged proper advertisement and sale of the land as being in the north half of the section, but that the trustee, Gadberry, by mistake, erroneously, in his deed to the complainant, the purchaser, described it as being in the west half of the section. It was competent and proper to reform this conveyance by the trustee, to conform to the original trust deed, and to the advertisement of sale, if the facts were so charged and admitted by demurrer. We have carefully examined the original trust deed of January 22, 1894, in all its parts, and think it does convey the land as in the north

half of the section. It seems to us that the down line was to prevent the letter from being read as a "W," and to make it read as an "N." But, as we have seen, the original bill is not to reform the original trust deed. It is to reform the trustee's deed to the purchaser, and the demurrer should have been overruled.

The amended bill is for the same purpose as the original, viz., to amend the deed from the trustee to the purchaser, which, as we have said, was within the power of the court. It only alternatively asks the reformation of the original deed "if the court shall conclude that the said deed does not" give the proper description. This amended bill charges sufficiently that the land, as in the north half of the section, was advertised and sold. Holding, as we do, that the original trust deed of 1894 does convey the land as in the north half of the section, we think the action of the court below in overruling the demurrer to the amended bill was right, although we are not at variance with the able brief of counsel for appellant and the authorities they cite from their standpoint.

Affirmed on direct appeal, and reversed on cross-appeal, and remanded.

*Reversed.*